UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FERNANDO AYAVACA TENEMEA,

               Petitioner,

       -against-

KRISTI NOEMI, et al.,

               Respondents.

**OPINION AND ORDER**

25-CV-09066 (PMH)

PHILIP M. HALPERN, United States District Judge:

David Fernando Ayavaca Tenemea ("Petitioner") commenced this proceeding for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 31, 2025, asserting claims against Kristi Noem in her official capacity as Secretary of the U.S. Department of Homeland Security,[1] Pamela Bondi in her official capacity as Attorney General of the United States,[2] Kenneth Genalo in his official capacity as New York Field Office Director for Enforcement and Removal Operations, U.S Immigration and Customs Enforcement ("ICE"), Joseph B. Edlow in his official capacity as the Director of U.S. Citizenship and Immigration Service ("USCIS"), and Sheriff Paul Arteta in his official capacity as the Sheriff of Orange County, New York (collectively, "Respondents"). (Doc. 1). Petitioner asserts that his continued detention by ICE violates the Fifth Amendment's Due Process Clause and seeks to stay removal and order his release pending adjudication of his T visa application by USCIS.

---

[1] Under Federal Rule of Civil Procedure 25(d), when an officer ceases to hold office while the action is pending, the officer's successor is automatically substituted as a respondent. Accordingly, Markwayne Mullin is hereby substituted in place and stead of Kristi Noem.

[2] Attorney General Pamela Bondi's successor will be automatically substituted as a Respondent once a new Attorney Generally officially replaces her; at the present time, Acting Attorney General Todd Blanche is substituted in place and stead of Pamela Bondi.

The Court, on February 4, 2026, set a briefing schedule, directing the U.S. Attorney's Office to file an answer, return, or other pleadings with respect to the Petition, and permitting Petitioner to file reply. (Doc. 11).

For the reasons set forth herein, the Petition is DENIED.

## BACKGROUND

The Court draws the facts herein from the Petition (Doc. 1), the Government's return (Doc. 16), the Declaration of ICE Deportation Officer Michael V. Charles (Doc. 17, "Charles Decl."), and the evidence proffered by the parties.

Petitioner is a native and citizen of Ecuador who, on or about May 22, 2024, entered the United States after fleeing his native country to escape threats from the violent and powerful "Los Choneros" gang. (Doc. 1 at 3 ¶ A, 5). On May 22, 2024 at 3:00 p.m., U.S. Border Patrol encountered Petitioner near Santa Teresa, New Mexico, close to the international border with Mexico, outside of a port of entry. (Charles Decl. ¶ 4). Petitioner, who had not been inspected, admitted, or paroled, was arrested and transported to the El Paso Hardened Facility for processing. (*Id.*). On May 23, 2024, Petitioner was served Form I-862, Notice to Appear ("NTA"), charging him as a removable alien pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) for being present without being admitted or paroled, and for having entered the United States at a time or place other than as designated by the Attorney General. (*Id.* ¶ 6; Doc. 16-2). The NTA directed Petitioner to appear before an Immigration Judge on June 25, 2024. (Doc. 16-2 at 1).

The Immigration Judge set a deadline to submit an asylum application by September 30, 2024. (Doc. 1 at 5). Petitioner, after that initial appearance, retained counsel who entered a notice of appearance on or about October 2, 2024. (*Id.*). An order of removal was entered the next day, on October 3, 2024. (Doc. 16-4). On November 15, 2024, Petitioner filed an application for a T

visa with USCIS and on December 31, 2024, he filed a motion to reopen before the Immigration Court, together with a completed asylum application. (Doc. 1 at 6). Petitioner argued that he did not understand the scheduling order due to the trauma he suffered as a victim of human trafficking. (*Id.*). The motion to reopen was denied on January 13, 2025. (*Id.*). Petitioner appealed to the Board of Immigration Appeals on January 28, 2025 and moved to stay his removal on February 15, 2025. (*Id.*). On or about February 3, 2025, USCIS issued a notice indicating that it determined Petitioner's T visa application had been deemed bona fide and automatically stayed Petitioner's removal. (*Id.* at 6-7; Charles Decl. ¶ 14). In light of the USCIS determination, ICE has stayed removal until a determination is made on Petitioner's application. (Charles Decl. ¶ 15).

Although Petitioner had initially been detained, he was released on May 23, 2024 due to a lack of bed space; but on November 14, 2024, ICE determined there was no longer a lack of space, and issued a Form I-203, Order to Detain Alien, and Form I-200, Warrant for Arrest. (*Id.* ¶¶ 7, 10). Accordingly, during a check-in at 26 Federal Plaza on November 14, 2024, Petitioner was arrested and later transported to Orange County Jail, where he was detained until November 5, 2025. (*Id.* ¶¶ 11, 12). On November 5, 2025, Petitioner was transported to the Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he remains detained. (*Id.* ¶ 13). Petitioner's application is undergoing security checks with USCIS and Officer Charles has personally requested that USCIS conduct an expedited adjudication of that application. (*Id.* ¶¶ 16-17).

Petitioner was subjected to human trafficking and forced labor on his journey from Ecuador to the United States and suffers ongoing mental and physical trauma as a result. (Doc. 1 at 3 ¶ A). He contends that he should not remain detained while his T visa application is pending with USCIS, in light of his condition and the prior determination issued by USCIS regarding his removal. (*Id.* at 7).

## **STANDARD OF REVIEW**

This case is brought under 28 U.S.C. § 2241. Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).[3] "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-04189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Jurisdiction over 28 U.S.C. § 2241 habeas petitions is properly limited to purely legal statutory and constitutional claims and does not extend to review of discretionary determinations by immigration judges." *Id.* The Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[W]here, as here, the record and submissions are adequate to resolve Petitioner's claim, there is no need for a full evidentiary hearing." *Palma v. Arteta*, No. 25-CV-09340, 2026 WL 697015, at *2 (S.D.N.Y. Mar. 12, 2026).

The authority to detain an alien subject to a final removal order is conferred upon ICE pursuant to 8 U.S.C. § 1231(a). *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) ("8 U.S.C. § 1231, governs the detention, release, and removal of individuals 'ordered removed.'"); *Wang*, 320 F.3d at 145 ("8 U.S.C. § 1231, governs the detention of aliens subject to final orders of removal."). The government generally must secure removal within 90 days after a removal order becomes final, during which the government "shall" detain the alien until such removal. *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2). The issuance of a bona fide determination on a T visa application

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

automatically stays the execution of any final removal order until any adverse decision becomes final. 8 C.F.R. §§ 214.205(g)(1), (2).

The Supreme Court has explained that 8 U.S.C. § 1231(a)(6) authorizes immigration detention for a period reasonably necessary to accomplish the alien's removal from the United States, and held that six months is a presumptively reasonable period of time. *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001). The Supreme Court did not, however, hold that the government must release every alien whose detention exceeds six months. (*Id.*). Rather, it imposed an initial burden upon the alien challenging their post-removal-order detention to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which "the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

## **ANALYSIS**

Petitioner argues that Respondents have violated his statutory and constitutional rights by continuing to detain him pursuant to 8 U.S.C. § 1231(a)(6), on the grounds that he has now been detained for over fifteen and half months, despite having no criminal history, being a documented victim of human trafficking, and receiving a bona fide determination from USCIS, which automatically stayed his removal under 8 C.F.R. § 214.205(g). (Doc. 18 at 4; *see generally* Doc. 1). Petitioner requests that Respondents be restrained from removing him from the United States pending a decision on his T visa application; and that the Court order his release from detention pending resolution of the application.

I.    An Order Staying Removal is Unnecessary

Petitioner's first request for an order staying his removal pending adjudication of his application with USCIS is unnecessary. Petitioner already has a stay of removal authorized by

regulation while his application is pending with USCIS. As Petitioner argues in his reply, "[t]his stay is mandatory, automatic, and non-discretionary." (Doc. 18 at 7). Respondents agree that a regulatory stay resulting from his application with USCIS is currently in place. (Doc. 15 at 12, 16, 17; Charles Decl., ¶ 15). To the extent this request is a challenge to the removal order itself, Petitioner clarifies, in reply, that he "only challenges the legality of his prolonged civil detention. . . . [His] removal is already automatically stayed by regulation due to USCIS's bona fide determination on his T visa application. 8 C.F.R. § 214.205(g). Petitioner therefore seeks only release from unconstitutional detention, not immigration benefits." (Doc. 18 at 9). Thus, it appears that Petitioner tacitly withdrew any request for an order prohibiting execution of the removal order and the Court therefore deems that request for relief abandoned and, consequently, dismissed. *See, e.g.*, *Allegrino v. Ruskin Moscou Faltischek, P.C.*, No. 19-CV-08900, 2021 WL 429121, at *5 (S.D.N.Y. Feb. 8, 2021), *aff'd*, No. 21-484-CV, 2021 WL 5500084 (2d Cir. Nov. 24, 2021).

II.    Petitioner is Lawfully Detained

Petitioner's detention pending removal remains lawful despite the expiration of the presumptively reasonable six-month period of detention under *Zadvydas*, as Petitioner has not met his initial burden of showing that there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

Petitioner's due process challenge to his detention is that he has a "pending Application for T Nonimmigrant Status," and his detention is not brief and "may last for years," so the Court should confirm and further order a stay of removal based on his pending application, and release him from detention while that application is adjudicated. (Doc. 1 at 10, 11). Petitioner's detention is due primarily to the automatic stay resulting from this application pending with USCIS. *See* 8 C.F.R. § 214.205(g)(1)-(2). "[A] noncitizen's use of the American judicial process, to the extent it

6

delays removal, does not warrant release under *Zadvydas*." *Portillo v. Decker*, No. 21-CV-09506, 2022 WL 826941, at *5 (S.D.N.Y. Mar. 18, 2022). In other words, this detention is due to Petitioner's own actions, namely his pending application with USCIS, which has resulted in a stay of his removal under 8 C.F.R. § 214.205(g)(1)-(2). [4]

The regulatory stay of removal—which Petitioner has asked this Court to confirm and continue—is the very impediment to his release. *See, e.g.*, *Callender v. Shanahan*, 281 F. Supp. 3d 428, 435-37 (S.D.N.Y Dec. 13, 2017). "[A]n alien cannot, through unilateral action, create the very circumstance that he relies on for relief under *Zadvydas*." *Id.* at 437. "[E]ven if [petitioner] files additional claims in an effort to prolong the removal process, his removal will still be considered reasonably foreseeable because any resulting delay will be caused by [petitioner's] own actions." *Agoro v. District Director for Immigration Custom Enforcement*, No. 09-CV-08111, 2010 WL 9976, at *5 (S.D.N.Y. Jan. 4, 2010). In other words, when removal has been stayed at the petitioner's own request and not due to the government's inability to deport him, it is the type of "self-inflicted wound" that "cannot establish grounds for a *Zadvydas* claim." *Garcia v. Dep't of Homeland Sec.*, 422 F. App'x 7, 8 (2d Cir. 2011). "The mere passage of time is insufficient, standing alone, to meet the petitioner's initial burden to demonstrate no significant likelihood of removal." *Callender*, 281 F. Supp. 3d at 434. Petitioner has not demonstrated that removal is not reasonably foreseeable, as opposed to stayed due to his own T visa application. Accordingly,

---

[4] Petitioner, in this proceeding, has not requested any relief in connection with the adjudication of his T visa application, requesting only that this Court stay his removal and release him from detention pending resolution of the application. Petitioner could have requested to compel agency action, or arguably could have brought a mandamus action for an order compelling the government to adjudicate his T visa application. Because such relief has not been demanded in the Petition, however, the Court can only—and does only—make the suggestion to Defendant USCIS that it expedite adjudication of this Petitioner's T visa application.

Petitioner's due process claim for release from detention pending adjudication of his application is dismissed.

To the extent Petitioner brings claims for this same relief under the Suspension Clause, they are likewise dismissed as Petitioner brought this petition for a writ of habeas corpus, and this Court is exercising its jurisdiction to adjudicate the claims raised in this Petition. Petitioner cannot maintain in law or fact that the privilege of the writ of habeas corpus has been suspended in this case.[5]

## **CONCLUSION**

For the foregoing reasons, the Petition is DENIED and Petitioner's claims are dismissed.

The Clerk of Court is respectfully directed to enter judgment in Respondents' favor and close this case.

**SO ORDERED:**

Dated:   White Plains, New York
         April 8, 2026

PHILIP M. HALPERN
United States District Judge

---

[5] To the extent Petitioner is attempting to use habeas corpus jurisdiction to prevent ICE from executing his final removal order—which relief Petitioner denies requesting, and has been dismissed as abandoned as explained *supra*—the Suspension Clause is not triggered because a petition for a writ of habeas corpus is not a proper vehicle to litigate such claims. *Yearwood v. Barr*, 391 F. Supp. 3d 255, 264 (S.D.N.Y. 2019). Petitioner also makes a passing reference to the Administrative Procedure Act and the Fourth Amendment in the Petition, but elaborates no further on any such claims, nor does he reference these claims in reply. (*See* Doc. 1 at 4). Petitioner's failure to make any argument at all with respect to these claims constitutes abandonment and they are, accordingly, dismissed. *Canario v. Cnty. of Rockland*, No. 24-CV-04470, 2025 WL 2522046, at *6 (S.D.N.Y. Sept. 2, 2025) (citing *Martinez v. Town of Clarkstown*, No. 23-CV-05364, 2024 WL 4124717, at *4 (S.D.N.Y. Sept. 9, 2024)).